# United States Court of Appeals
## For the First Circuit

No. 18-1559

MARK R. THOMPSON; BETH A. THOMPSON,

Plaintiffs, Appellants,

v.

JP MORGAN CHASE, N.A.,

Defendant, Appellee.

Before
Thompson, Boudin, and Kayatta,
Circuit Judges.

## ORDER OF COURT AND CERTIFICATION OF QUESTION TO THE MASSACHUSETTS SUPREME JUDICIAL COURT

**Entered: July 29, 2019**

In our earlier decision in this case, see Thompson v. JP Morgan Chase Bank, N.A., 915 F.3d 801 (1st Cir. 2019), the panel concluded that JP Morgan Chase, holder of a mortgage on the Thompsons' home, could not properly foreclose the mortgage based on the Thompsons' failure to pay their required monthly installments. The reason was that the foreclosure notice inaccurately specified that the Thompsons could avoid foreclosure if, but only if, the Thompsons paid the balance due on or before the specified foreclosure date.

The panel found this warning defective because under the terms of the mortgage the Thompsons were required to pay the amount due at least five days before the foreclosure date in order to escape foreclosure. At no time did the Thompsons argue that they had been misled by the inaccuracy or had in any way been prejudiced by it; but under binding state precedent it is enough that some hypothetical mortgagor could have been misled by the inaccurate pre-foreclosure notice. Pinti v. Emigrant Mortg. Co., 472 Mass. 226, 233-34 (2015); U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 647 (2011); Moore v. Dick, 187 Mass. 207, 211 (1905).

Although Massachusetts is a state that strives to protect consumers, see, e.g., Feeney v. Dell Inc., 454 Mass. 192, 201 (2009); In re M3 Power Razor Sys. Mktg. & Sales Practice Litig., 270 F.R.D. 45, 60 (D. Mass. 2010), Massachusetts is not alone in demanding strict compliance in cases of extrajudicial foreclosure, see, e.g., Shupe v. Nationstar Mortg. LLC, 231 F. Supp. 3d 597,

604 (E.D. Cal. 2017); Ex Parte Turner, 254 So. 3d 207, 212 (Ala. 2017); Ruiz v. 1st Fidelity Loan Servicing, LLC, 829 N.W.2d 53, 58 (Minn. 2013).  See also Martin Robson, A History of the Royal Navy: The Seven Years War (2016) (Admiral Byng executed for "failure to do his utmost" in the Battle of Minorca); Voltaire, Candide, ch. 23 (1759)("pour encourager les autres").

Chase then filed a petition for panel rehearing or rehearing en banc, claiming for the first time that a state banking regulation, 209 C.M.R. § 56.04, required Chase to use the precise language it had used in its notice to the Thompsons.  This is a debatable position: the form notice that follows in section 56.04 also includes language apprising homeowners that "[e]nclosed with this notice, there may be additional important disclosures related to applicable laws and requirements that you should carefully review."  Id.

Chase received wide support from the banking community and predictions of disaster were numerous and detailed in various amicus briefs filed in tandem with Chase's rehearing petition. Chase took issue with the panel's reading of Pinti and other SJC precedents, and suggested as an alternative to reconsideration on the merits that this court certify the matter to the Massachusetts Supreme Judicial Court.  This court in a diversity action cannot properly overturn governing state precedent, but the SJC on certification is not thus limited.

Chase may fault the Thompsons for their counsel's failure to uncover this obscure regulation but Chase itself also failed to note its existence, even though it likely had greater familiarity with banking law and every incentive to raise the issue.  But if the case involved only one bank and one mortgage, one might let this court's decision stand; a competent lawyer may miss an obscure point but the miss may be fatal in the case at hand, even though the issue may be revisited in a later case.

Here, Chase urges serious harms that might prompt the SJC to reexamine its precedents. Certification is not lightly ventured by this court because it imposes delay and additional legal costs for the parties, see Bruce Selya, Certified Madness: Ask a Silly Question..., 29 Suffolk U. L. Rev. 677 (1996), but if real harm is threatened, the SJC can address it; if not, a definitive statement by the SJC can dispel the concerns.

Accordingly, the panel withdraws our earlier opinion in this case, vacates the judgment, and certifies to the Massachusetts Supreme Judicial Court the following question:

> Did the statement in the August 12, 2016, default and acceleration notice that "you can still avoid foreclosure by paying the total past-due amount before a foreclosure sale takes place" render the notice inaccurate or deceptive in a manner that renders the subsequent foreclosure sale void under Massachusetts law?

This court would welcome any additional observations about relevant Massachusetts law that the SJC may deem helpful.

The Clerk is directed to forward to the Massachusetts Supreme Judicial Court, under the official seal of this court, a copy of this Order along with copies of the briefs and appendices, as well as the petition for rehearing materials, filed by the parties and amici curiae.  This court retains

jurisdiction over this appeal pending resolution of this certified question.

**It is so ordered.**

By the Court:

Maria R. Hamilton, Clerk

cc:
Hon. Rya W. Zobel
Robert Farrell, Clerk, United States District Court for the District of Massachusetts
Francis V. Kenneally, Clerk, Massachusetts Supreme Judicial Court
Todd Steven Dion
Jeffrey D. Adams
Alan Evan Schoenfeld
Juan S. Lopez
Francis J. Nolan
Richard A. Oetheimer
Keith A. Mitchell
David S. Kantrowitz
Michael R. Hagopian
Donald W. Seeley Jr.
Erika J. Hoover
Gregory N. Blase
Andrew C. Glass
Marissa I. Delinks
Samuel Craig Bodurtha