# United States Court of Appeals
## For the First Circuit

No. 18-1559

MARK R. THOMPSON; BETH A. THOMPSON,

Plaintiffs, Appellants,

v.

JPMORGAN CHASE BANK, N.A.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Thompson, Boudin, and Kayatta,
Circuit Judges.

Todd S. Dion on brief for appellants.
Juan S. Lopez, Jeffrey D. Adams, and Parker Ibrahim & Berg
LLP on brief for appellee.

December 9, 2020

**BOUDIN, <u>Circuit Judge</u>.** Mark and Beth Thompson sued JPMorgan Chase Bank ("Chase") for breach of contract and for violating the statutory power of sale Massachusetts affords mortgagees. Mass. Gen. Laws ch. 183, § 21. The Thompsons alleged Chase failed to comply with the notice requirements in their mortgage before foreclosing on their property. The district court granted Chase's motion to dismiss for failure to state a claim.

On June 13, 2006, the Thompsons granted a mortgage to Washington Mutual Bank on their house to secure a loan in the amount of $322,500. The mortgage included two paragraphs, both standard mortgage provisions in Massachusetts, relevant to this appeal.

First, paragraph 22 required that prior to accelerating payment by the Thompsons, Washington Mutual had to provide the Thompsons notice specifying:

> (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.

In addition, paragraph 22 required Washington Mutual to inform the Thompsons of "the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale."

Second, paragraph 19 described the Thompsons' right to reinstate after acceleration, including conditions and time limitations related to that right.

> If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged.

In 2008, after the United States Office of Thrift Supervision seized Washington Mutual Bank and placed it in receivership with the Federal Deposit Insurance Corporation ("FDIC"), FDIC sold the banking subsidiaries to Chase, which became the mortgagee on the Thompsons' mortgage.

On August 12, 2016, Chase sent default and acceleration notices to the Thompsons. The notices informed the Thompsons that (1) their mortgage loan was in default; (2) tendering the past-due amount of $200,056.60 would cure the default; (3) the default must be cured by November 10, 2016; and (4) if the Thompsons failed "to cure the default on or before 11/10/2016, Chase [could] accelerate the maturity of the Loan, . . . declare all sums secured by the Security Instrument immediately due and payable, commence foreclosure proceedings, and sell the Property."

The notices explained to the Thompsons that they had "the right to reinstate after acceleration of the Loan and the right to bring a court action to assert the nonexistence of a default, or any other defense to acceleration, foreclosure, and sale." The notices also said the Thompsons could "still avoid foreclosure by paying the total past-due amount before a foreclosure sale takes place."

On November 15, 2017, after the Thompsons failed to cure the default, Chase foreclosed on the property and conducted a foreclosure sale. On December 15, 2017, the Thompsons filed a complaint in Plymouth County Superior Court, alleging Chase failed to comply with the paragraph 22 notice requirements prior to foreclosing on their property. On January 23, 2018, Chase removed the suit to the District Court for the District of Massachusetts.

Chase then filed a motion to dismiss for failure to state a claim. After opposition and reply, the district court concluded that Chase's default and acceleration notice strictly complied with paragraph 22, including advising the Thompsons of their post-acceleration reinstatement right, and granted Chase's motion to dismiss. The Thompsons now appeal. They argue that the default letter failed to comply strictly with paragraph 22 because the letter did not inform the Thompsons of the conditions and time limitations included in their post-acceleration reinstatement right as described in paragraph 19. They also claim that the portion of the notice that specified that the Thompsons could "still avoid foreclosure by paying the total past-due amount before a foreclosure sale takes place" was inaccurate and misleading, though they do not say that their conduct was in any way altered.

A district court's dismissal for failure to state a claim is reviewed de novo, Galvin v. U.S. Bank, N.A., 852 F.3d 146, 153 (1st Cir. 2017), taking all factual assertions in a complaint as true and drawing all reasonable inferences in the plaintiffs' favor; but this does not include legal conclusions clothed as factual allegations, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). To survive a motion to dismiss, the claim must be "plausible." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

In Massachusetts, upon default in the performance of a mortgage, a mortgagee may sell the mortgaged property using the

statutory power of sale, so long as the mortgage itself gives the mortgagee the statutory power by reference. Mass. Gen. Laws ch. 183, § 21. Section 21 requires that, prior to conducting a foreclosure sale, a mortgagee must "first comply[] with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale." Id.

Because Massachusetts does not require a mortgagee to obtain a judicial judgment approving foreclosure of a mortgaged property, see U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40, 49 (Mass. 2011), Massachusetts courts require mortgagees to comply strictly with two types of mortgage terms: (1) terms "directly concerned with the foreclosure sale authorized by the power of sale in the mortgage" and (2) terms "prescribing actions the mortgagee must take in connection with the foreclosure sale-- whether before or after the sale takes place," Pinti v. Emigrant Mortg. Co., 33 N.E.3d 1213, 1220-21 (Mass. 2015).

The mortgage terms for which Massachusetts courts demand strict compliance include the provisions in paragraph 22 requiring and prescribing the pre-foreclosure default notice. Id. at 1221. By its terms, paragraph 22 required Chase to "inform [the Thompsons] of the right to reinstate after acceleration." Mirroring this language, the notice explained to the Thompsons that they had "the right to reinstate after acceleration of the Loan."

The Thompsons argue that because paragraph 19 includes conditions and time limitations on the Thompsons' post-acceleration reinstatement right, Chase failed to comply strictly with paragraph 22's notice requirement by failing to inform the Thompsons of those conditions and limitations. But even if paragraph 19's limits governed here,[1] paragraph 22 instructs that Chase inform the Thompsons of their substantive right to reinstate; it does not require that Chase describe in detail the procedure that the Thompsons must follow to exercise the right or the deadlines associated with the right. And paragraph 19 does not, on its own, impose any notice requirements on Chase.

However, Massachusetts law requires that the paragraph 22 notice given to the mortgagor be accurate and not deceptive--note the possible difference between the two concepts--and the Supreme Judicial Court has made clear that inaccuracy or deceptive character can be fatal. In Pinti, the mortgagee's notice said that the mortgagors "have the right to assert in any lawsuit for foreclosure and sale the nonexistence of a default." Pinti, 33 N.E.3d at 1222 (emphasis omitted). This, the Pinti court reasoned,

---

[1] The Massachusetts Supreme Judicial Court ("SJC") tells us they do not, to the extent they conflict with applicable state law. Thompson v. JPMorgan Chase Bank, N.A., No. SJC-12798, 2020 WL 6931852, at *1 (Mass. Nov. 25, 2020).

could mislead mortgagors into thinking that they could await a lawsuit by the mortgagee before attacking the foreclosure.  Id.

This court, applying Pinti, held that the paragraph 22 notice the Thompsons received was potentially deceptive and the foreclosure sale was therefore void.  Thompson v. JPMorgan Chase Bank, N.A., 915 F.3d 801, 805 (1st Cir.), opinion withdrawn, 931 F.3d 109 (1st Cir. 2019).  Because the notice said the Thompsons could "still avoid foreclosure by paying the total past-due amount before a foreclosure sale takes place," but did not say that under paragraph 19 of the mortgage contract they must do so no later than five days before the scheduled sale, this court reasoned that a mortgagor may be misled into waiting until within five days of the sale.

In petitioning for panel rehearing, Chase and several amici suggested for the first time that the panel's reading of Pinti and other SJC precedents would invalidate most of the foreclosures in Massachusetts since 2012.  Chase requested as an alternative to reconsideration on the merits that this court certify the matter to the SJC.  Noting that "[t]his court in a diversity action cannot properly overturn governing state precedent, but the SJC on certification is not thus limited," we withdrew our earlier decision in this case and certified to the SJC the following question:

Did the statement in the August 12, 2016, default and acceleration notice that "you can still avoid foreclosure by paying the total past-due amount before a foreclosure sale takes place" render the notice inaccurate or deceptive in a manner that renders the subsequent foreclosure sale void under Massachusetts law?

The SJC answered "no." It noted that paragraph 16 of the plaintiffs' mortgage states that "[a]ll rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law," and that Mass. Gen. Laws ch. 244, § 35A and its accompanying regulations give mortgagors the right to reinstate a mortgage at any time prior to a foreclosure sale. See 209 Code Mass. Regs. § 56.04. Therefore, the SJC held, Mass. Gen. Laws ch. 244, § 35A "constitutes controlling and applicable law that supersedes the conflicting provision of the mortgage contract." Thompson v. JPMorgan Chase Bank, N.A., No. SJC-12798, 2020 WL 6931852, at *1 (Mass. Nov. 25, 2020). The paragraph 22 notice could not have been misleading for omitting paragraph 19's five-day deadline because, in Massachusetts, the five-day deadline does not apply. Id. at *1, *5-6.

The judgment of the district court is affirmed, and costs are awarded to plaintiffs.

**It is so ordered.**